### KESSLER *v.* LOCKWOOD.

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

**1. INJURIES BY VICIOUS DOG—EVIDENCE OF OWNERSHIP.**

In an action to recover damages for injuries inflicted by a vicious dog it appeared that the dog was obtained by defendant to protect the premises of B., owned in part by defendant's wife, on which defendant also resided with his family. B. died, and the dog remained with defendant, and was kept by him at the time of

plaintiff's injury. *Held*, that the jury properly found that defendant was owner and harborer of the dog.

2. SAME—CHARACTER OF DOG—EVIDENCE.
   Plaintiff was bitten by defendant's dog while one of the family was with the dog, without provocation. The dog was accustomed to attack people, with a muzzle on, and defendant was shown to have repeatedly called away the dog when attacking people on the highway. *Held* sufficient proof of the vicious character of the dog to make defendant liable for plaintiff's injury.

Appeal from Rockland county court.

Action by Margaret A. Kessler against Frank S. Lockwood. From a judgment of the county court, affirming a judgment of a justice for plaintiff, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Snider & Hopper*, for appellant. *Arthur S. Tompkins*, for respondent.

BARNARD, P. J. The proof establishes that the plaintiff was bitten by a dog. This action was brought to recover for the injuries she received. She must establish that the dog was owned or harbored by defendant, and that the dog was vicious and savage, and used and accustomed to attack man. Two juries have found in her favor on these points. The evidence on the second trial is abundant to sustain the verdict. The dog was brought by the defendant to protect the premises of a Miss Brown. Some four years before he himself moved into the premises occupied by Miss Brown he brought the dog there. Subsequently Miss Brown died. The dog remained with the defendant. The premises were owned in part by defendant's wife. The defendant is the head of the family, and provides for it. The jury could properly find the defendant owner as well as harborer of the dog on the evidence. The dog is proven to have been a very savage animal. The plaintiff was bitten by the dog while one of the family was with him, and without any provocation except the savagery of the dog. He is proven to have attacked many other persons. He would assail people with a muzzle on. The defendant had on repeated occasions called the dog away when he was attacking on the highway. The judgment should therefore be affirmed, with costs.

All concur.